### HURLIMAN v. SECKENDORF et al.

*(City Court of Brooklyn, General Term.* April 25, 1892.)

**1. ACTION TO RECOVER RENT—PLEADINGS.**

In an action to recover rent, wherein one of the defenses was that of breach of warranty of the condition of the premises, a demurrer on the ground that the warranty was oral, which fact did not appear by the answer, was bad.

**2. SAME—DECEIT.**

Though the words of such warranty be eliminated, yet it being alleged that plaintiff made certain false representations, known to him to be false, with intent to induce defendants to take the lease, a defense founded on deceit is set forth.

Appeal from special term.

Action by Gustav Hurliman against Isaac Seckendorf and others. From an order overruling a demurrer to a defense, plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*James C. Foley,* for appellant. *M. S. & I. S. Isaacs,* for respondents.

VAN WYCK, J. Plaintiff leased premises to defendants for 23 months from June 1, 1890. This is an action to recover a month's rent falling due September 1, 1890. The answer contains seven defenses, separately numbered. A demurrer was interposed to the second of these, "on the ground that it is insufficient in law on the face thereof." Plaintiff frankly takes the position

that this defense is founded solely on an oral contract of warranty of the condition of premises demised in the written lease, and proof of it is inadmissible. The face of the pleading does not disclose that it was oral; therefore the demurrer is bad. He also insists that, if the words of contract are eliminated, a defense founded on deceit is not set forth. We entertain a different opinion, for it is alleged plaintiff made certain false representations, known to him to be false, with intent to induce defendants to take the lease of the premises, and, relying thereupon, were induced to take a lease, which they otherwise would not have done. It is not necessary for us to determine whether there are two defenses pleaded in this second defense, one on contract and the other for deceit, and, if only one, whether it is the former or the latter; for, in either case, the demurrer is bad. What has been said with regard to the second will apply with the same force to the demurrer to the fifth and sixth defenses. Judgment must be affirmed, with costs of appeal, and with leave, on payment of such costs, and $35 costs allowed in the judgment, within 20 days after service of order of affirmance, to withdraw demurrer to counterclaim, and reply to same.